

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2004

# Maldonado v. Olander

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Maldonado v. Olander" (2004). *2004 Decisions.* Paper 397.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/397

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2114

MARIO DIAZ MALDONADO,

Appellant

v.

ROBERT A. OLANDER, WARDEN; WILLIAM J. BEERS, LIEUTENANT;
WHITE, CORRECTIONAL OFFICER; VOLPE, CORRECTIONAL OFFICER;
LAMBERT, CORRECTIONAL OFFICER, NORTHAMPTON COUNTY (DEPT.
OF CORRECTIONS); SHOUDT, CORRECTIONAL OFFICER; AXELDARE,
CORRECTIONAL OFFICER; AXELBAND, CORRECTIONAL OFFICER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable R. Barclay Surrick
(D.C. No. 02-cv-1922)

_____

Argued on March 25, 2004

Before: FUENTES, SMITH, and
JOHN R. GIBSON,[*] *Circuit Judges*

(Filed: August 13, 2004)

_____

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT
_____

JOHN R. GIBSON, *Circuit Judge*.

Mario Diaz Maldonado, a former inmate at Northampton County Prison, brought suit under 42 U.S.C. § 1983 against five corrections officers. He alleged that the officers used excessive force in restraining him after a fight with another inmate, in violation of the Eighth Amendment to the United States Constitution. The district court entered judgment after the jury returned a verdict for the defendant officers. Maldonado appeals, arguing that the district court erred when it excluded evidence of the internal affairs investigation that occurred at the prison after the incident. We affirm.

In April 2000, Maldonado was incarcerated at Northampton County Prison, where guards intervened in a fight between Maldonado and another inmate. After receiving a letter from another inmate about the incident, the warden of the prison asked the acting internal affairs officer, Michael Pittaro, to investigate. Pittaro's investigation consisted of reading the officers' written reports of the incident and possibly interviewing two of the officers.[1] During the investigation, Maldonado signed a written release drafted by Pittaro stating that he did not want to pursue charges and did not want the incident referred to the District Attorney for an investigation. Pittaro testified in his deposition that he drafted the unique document and offered it to Maldonado to protect himself, in case Maldonado

_____

[1]Pittaro does not recall speaking to any of the defendants during his investigation, but two of the officers recall speaking with him.

2

alleged at some future time that he had wanted to pursue charges but Pittaro had refused to investigate. Maldonado alleges that in exchange for signing the release, Pittaro offered him a transfer to the state prison in which he was formerly housed and no disciplinary action. If Maldonado did not sign, he would be sent back to Northampton for 100 days of solitary confinement.

Maldonado filed this action alleging that the five corrections officers used excessive force in restraining him after the fight. Prior to trial, the defendants filed a motion *in limine* seeking to exclude evidence of Pittaro's internal affairs investigation, including the release signed by Maldonado. The defendants argued that the evidence was irrelevant under Federal Rule of Evidence 402. In the alternative, the defendants argued that the evidence should be excluded under Federal Rule of Evidence 403 because the probative value was substantially outweighed by the danger of prejudice to the defendants and confusion of the issues. Maldonado opposed the motion, arguing that this evidence was relevant as direct evidence of what Pittaro learned from the officers and because the drafting of the release illustrated Pittaro's tacit acknowledgment of the officers' wrongdoing.

After hearing argument from both sides, the district court decided not to allow the plaintiff to introduce evidence of Pittaro's investigation. The district court reasoned that the evidence was about what individuals other than the defendants might have done and what conclusions they may have reached on their own and therefore did not bear on the

3

incident itself, especially when the plaintiff was not claiming there was a pattern or practice of excessive force at the prison under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Thus, the district court concluded that the evidence "would go far afield and be prejudicial." However, the district court noted that Maldonado had the right to call Mr. Pittaro to testify:

> With regard to Mr. Pittaro's testimony, however, if you want to put Mr. Pittaro on the stand and ask him, what may have been said to him by any of the parties in this matter, you certainly have every right to do that. Any admission made to Mr. Pittaro may be brought before this jury, but what -- what he may have concluded as a result of what he was told and any action that he may have taken on his own, is excluded.

Maldonado did not call Pittaro as a witness during the trial.

In general, we review a trial court's rulings on the admissibility of evidence for abuse of discretion. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1341 (3d Cir. 2002). However, if the district court makes a tentative ruling excluding the evidence but suggests that it would reconsider the ruling at trial, the party must attempt to introduce that evidence at trial in order to preserve the issue for appellate review. Walden v. Georgia-Pacific Corp., 126 F.3d 506, 517-18 (3d Cir. 1997). If the party does not, we review only for plain error. Id.

Thus, whether the district court's ruling was "definitive" in excluding the evidence or only "tentative" determines our standard of review. When the district court excluded the evidence, it explicitly mentioned the option of calling Pittaro to testify. Maldonado's counsel asked the court to clarify what he could and could not ask Pittaro while on the

4

stand. The following exchange occurred:

> THE COURT: "Well, Counsel, I'm going to have to take it as it comes, because --
> DEFENSE COUNSEL: Okay, that's fair, your Honor.
> THE COURT: -- I don't know exactly what -- where -- where it will go. You -- I have indicated to you, that admissions of the defendants to Mr. Pittaro, any statements made by them to Mr. Pittaro are evidentiary. His report and that material is not.
> And you can try to develop through Mr. Pittaro what the defendants said and I'll have to take it as it -- as it comes.

Although the district court made other statements to suggest its ruling was definitive, the court never repudiated its statement that it would "take [] as it comes" any testimony by Pittaro regarding the earlier investigation. Because the relevant question is whether the district court's ruling to exclude was a definitive ruling with "no suggestion that it would reconsider the matter at trial." Walden, 126 F.3d at 519 (emphasis added), we conclude the ruling was tentative and review only for plain error.[2]

The plain error doctrine "should only be invoked with extreme caution in the civil context." Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269, 1289 (3d Cir. 1995) (quoting United States v. Carson, 52 F.3d 1173, 1188 (2d Cir. 1995)). Thus, "[a] finding of plain error is only appropriate in the civil context when the error is so serious and flagrant that it goes to the very integrity of the trial." Walden, 126 F.3d at

---

[2]However, we would also affirm under the abuse of discretion standard of review that would apply if the ruling was definitive or if Maldonado had made an offer of proof concerning the investigation. We reject Maldonado's argument that we should review the district court's Rule 403 ruling de novo.

521. Accordingly, we use the power to reverse for plain error "sparingly." Penn. Envtl. Def. Found. (P.E.D.F.) v. Canon-McMillan Sch. District, 152 F.3d 228, 234 (3d Cir. 1998).

The Federal Rules of Evidence define relevant evidence as anything "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Considering the low threshold of relevance, we will assume for the sake of this appeal that the evidence Maldonado wished to admit was relevant to his claim of excessive force. Cf. Combs v. Wilkinson, 315 F.3d 548, 554-55 (6th Cir. 2002) (holding that report by institution's use of force committee was relevant in inmate's claim alleging excessive force). Even if evidence is relevant, however, it may be excluded under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This is an analysis that is best conducted by the district judge who was in the courtroom; as we stated in United States v. Long, 574 F.2d 761, 767 (3d Cir. 1978), "[i]f judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal."

Maldonado argues on appeal that the district court erred in excluding the evidence of Pittaro's investigation. Because no offer of proof was made, it is difficult for us to

6

engage in a meaningful review of the evidence and understand the precise purpose for which Maldonado would have offered the evidence. See Walden, 126 F.3d at 518 n.10. However, Maldonado asserts that he "did not (and does not) intend to offer Mr. Pittaro's investigatory report containing his conclusions as to whether the defendants used excessive force. The plaintiff intended to question Mr. Pittaro only about the facts learned in his investigation and his reasons for drafting the release."[3]

The "facts" Pittaro learned in his investigation were either already in evidence or were permitted to be introduced. Pittaro's investigation consisted of reading the defendants' incident reports and possibly interviewing two of the defendant officers. The incident reports Pittaro relied upon were admitted into evidence. The two officers who allegedly spoke to Pittaro testified, as did the inmate whose letter prompted the investigation. Thus, the district court's exclusion of the report precluded the presentation of cumulative evidence and ensured that the jury would not give undue weight to Pittaro's understanding of the facts. Cf. Vance v. Peters, 97 F.3d 987, 994-95 (7th Cir. 1996) (upholding exclusion of employee review officer's report concluding that guard had used excessive force on Rule 403 grounds because it was cumulative and more prejudicial than probative, giving rise to concern that the jury would give "inordinate weight" to the hearing officer's conclusions). There was no plain error.

---

[3]This is consistent with Maldonado's oral representation to the district court that he "did not intend to produce any evidence of what [Pittaro's] conclusions were . . . . " To the extent that Maldonado challenges the district court's ruling because he wanted to introduce the fact of the investigation itself, the ruling was not plain error.

7

Likewise, the district court did not commit plain error in excluding evidence of the release and the circumstances surrounding Maldonado's signing of it. Maldonado argues that the release drafted by <u>Pittaro</u> was admissible to show <u>the defendants'</u> "consciousness of guilt." Maldonado essentially suggests that because the release was specially drafted, and because Pittaro allegedly bribed Maldonado into signing it by promising him no disciplinary action and a desired transfer, Pittaro must have concluded that the defendants did something bad. The release was therefore intended to protect the defendant officers and thwart any further investigation. The district court did not commit plain error by rejecting this quite tenuous inferential chain. First, for Maldonado's inferential sequence to work, the defendants must have said something incriminating to Pittaro during the two interviews. However, the district court explicitly allowed Maldonado to call Pittaro and question him on the substance of those conversations; Maldonado chose not to do so. Second, Maldonado fails to cite a case where the "consciousness of guilt" principle was applied in the civil context. Third, the release itself contained no language that could have given rise to an inference that excessive force had been used. It did not describe any force allegedly employed, why it was employed, or by whom. Finally, even if the principle applied, the record is devoid of evidence that Pittaro was acting at the behest of the defendants. <u>Compare</u> <u>United States v. Gatto</u>, 995 F.2d 449, 455 (3d Cir. 1993) (evidence of a third party's threat to testifying witness during trial admissible to show defendants' consciousness of guilt when there is evidence in the record suggesting a link

8

between the defendants' organization and the third party). Because evidence of Pittaro's actions in this regard may have unduly confused the issues for the jury, it and was properly excluded by the district court.

We will affirm the judgment of the district court.